UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**MELISSA J. STAATS,**

       **Plaintiff,**

v.                                                **CIVIL ACTION 2:16-cv-10553**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

       **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before this Court are Plaintiff's Brief in Support of Motion for Judgment on the Pleadings (ECF No. 7) and Defendant's Brief in Support of Defendant's Decision (ECF No. 8).

Background

On April 26, 2013, Claimant filed a Title II application for disability and disability insurance benefits (DIB) alleging disability beginning October 15, 2008. The Claim was denied initially on August 13, 2013, and again upon reconsideration on October 23, 2013. On December 10, 2013, Claimant filed a written request for a hearing before an Administrative Law Judge (ALJ). On May 19, 2015, an ALJ held a video hearing. Claimant appeared in Parkersburg, West Virginia, while the ALJ presided over the hearing from Charleston, West Virginia. On June 8, 2015, the ALJ denied Claimant's application for disability (Tr. at 10-26). On July 7, 2015, Claimant filed a request for review by the Appeals Council (AC) (Tr. at 31-36). On September 7, 2016, the AC denied Claimant's request for review (Tr. at 1-5). On November 4, 2016, Claimant filed a complaint before the District Court (ECF No. 1).

Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2016). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2016). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job,

and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date of October 15, 2008, and meets the insured status requirements through June 30, 2013 (Tr. at 12). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairment of osteoarthritis, diabetes mellitus, obesity, fibromyalgia, coronary artery disease, left rotator cuff tear, degenerative disc disease of the cervical and lumbar spine and carpal tunnel syndrome. (*Id.*) At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 15). The ALJ then found that Claimant has a residual functional capacity to perform work at the sedentary exertional level except she should never engage in the climbing of ladders, ropes or scaffolds. She could occasionally engage in other postural maneuvers such as climbing ramps and/or stairs, balancing, stooping, kneeling, crouching and crawling. This individual could frequently engage in reaching of the non-dominant left upper extremity. Further, this individual could frequently engage in bilateral handling, fingering and feeling. She should avoid concentrated exposure to extreme cold, excessive vibrations and workplace hazards (Tr. at 17). The ALJ held that Claimant was unable to perform any past relevant work through the date last insured (Tr. at 24). The ALJ held that Claimant could perform the requirements of representative occupations such as surveillance systems monitor, document preparation and credit clerk (Tr. at 25). On this basis, benefits were denied (Tr. at 25-26).

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> Evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

Claimant's Background

Claimant was born February 28, 1969 (Tr. at 44). At the time of the hearing, she was married and lived with her husband and two sons (Tr. at 45). Claimant's two sons were ages 18 and 20. (*Id.*) Claimant has a high school education and was certified as an Infant Toddler Specialist for a prior position working at a day care (Tr. at 47). Claimant has a driver's license but does not drive often. Her husband usually drives her places (Tr. at 48-49).

<u>Medical Background</u>

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss the evidence relevant to this Proposed Findings and Recommendations to REMAND the final decision of the Commissioner.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant argues that the ALJ failed to apply fibromyalgia ruling SSR 12-2p in evaluating Claimant's DIB claim (ECF No. 7). Claimant asserts that the ALJ "failed to mention any specific listing under which she considered Staats's fibromyalgia in her step three analysis" and "the ALJ failed to explain how she may have considered whether Staats's fibromyalgia would equal a listing, either singly or in combination with Staats's other severe impairments." (*Id.*) Claimant avers that the ALJ "did not consider the impact of Staats's fibromyalgia when the ALJ formulated her residual functional capacity assessment prior to proceeding to steps four and five of the sequential process." (*Id.*) Additionally, Claimant asserts that "the ALJ did not include sufficient restrictions in her residual functional capacity finding to account for the symptoms of pain and fatigue that Staats alleged." Therefore, Claimant avers that the ALJ's credibility determination was also deficient.

In response, Defendant asserts that the "ALJ assessed Plaintiff's Fibromyalgia in meticulous fashion and in full accord with applicable policy" and that "her factual findings enjoy substantial – even overwhelming – evidentiary support" (ECF No. 8). Defendant avers that Claimant's fibromyalgia responds immediately to treatment and that no physician opines that Claimant has functional limitations associated with fibromyalgia that would preclude her from working. (*Id.*)

Discussion

Although Claimant's arguments mainly focus on the impairment of fibromyalgia, this Court's review extends beyond that one focus and involves determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g);1383(c)(3). The ALJ's decision must be upheld if it is supported by substantial evidence. *Id.* §§ 405(g); 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)).

An ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id. (quoting Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

To meet a listing impairment, medical records must demonstrate a specific level of severity. If you meet a listing, you will be found disabled. Your condition must be severe and meet specific criteria developed by the SSA. Some conditions are not specially listed by the SSA, but you may still have a condition so severe that it "equals" a condition contemplated by the SSA rules.

When reviewing the ALJ's decision in light of Claimant's argument that the ALJ "failed to mention any specific listing under which she considered Staats's fibromyalgia in her step three analysis," it is apparent to the undersigned that while the ALJ did discuss whether Claimant's fibromyalgia meets the criteria of any listing under section 1.01, the ALJ omitted to discuss the listing criteria for another Claimant's severe impairment of coronary artery disease (Tr. at 16). Although the ALJ lists factual findings from the evidence of record as it concern's Claimant's coronary artery disease after Claimant's RFC assessment, the ALJ failed to identify under what listing she considered Claimant's coronary artery disease, the criteria for that listing and whether the ALJ's factual findings satisfy the listing criteria. Therefore, to judicially review and determine whether the decision is supported by substantial evidenced, the undersigned will discuss the ALJ's omission of listing identification and criteria for Claimant's severe impairment of coronary artery disease.

Section 4.00

The Listings under Section 4.00 apply to cardiovascular impairments, defined as "any disorder that affects the proper functioning of the heart or the circulatory system" resulting from the consequences of heart disease, including "[d]iscomfort or pain due to myocardial ischemia, with or without necrosis of heart muscle." Listing 4.00(A)(1). According to the Listing, "ischemic heart disease . . . results when one or more of your coronary arteries is narrowed or obstructed or,

7

in rare situations, constricted due to vasospasm, interfering with the normal flow of blood to your heart muscle (ischemia)" and "[d]iscomfort of myocardial ischemic origin (angina pectoris) is discomfort that is precipitated by effort or emotion and promptly relieved by rest, sublingual nitroglycerin (that is, nitroglycerin tablets that are placed under the tongue), or other rapidly acting nitrates." Listing 4.00(E)(1), (3). Listing 4.04 specifically applies to ischemic heart disease. Ischemic heart disease, also called coronary artery disease or coronary heart disease (CHD), is the term given to heart problems caused by narrowed heart (coronary) arteries that supply blood to the heart muscle. Listing 4.04C requires evidence of coronary artery disease demonstrated by:

1. Angiographic evidence showing one of the following:

   a. 50 percent or more narrowing of a nonbypassed left main coronary artery; or
   b. 70 percent or more narrowing of another nonbypassed coronary artery; or
   c. 50 percent or more narrowing involving a long (greater than 1 cm) segment of a nonbypassed coronary artery; or
   d. 50 percent or more narrowing of at least two nonbypassed coronary arteries; or
   e. 70 percent or more narrowing of a bypass graft vessel;

   And

2. "Resulting in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living." 20 C.F.R. Part 404 Subpart P, App. 1, § 4.04C.

In the present matter, upon review of the record, the undersigned notes that the ALJ's decision held that Claimant had severe impairments including coronary artery disease (Tr. at 12). However, at step three of the sequential analysis, the ALJ held that Claimant's coronary artery disease did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. at 15).

In analyzing the evidence at step three, an ALJ is not required to explicitly identify and discuss every possible listing; however, he must provide sufficient explanation and analysis to allow meaningful judicial review of his step three determination, particularly where the "medical record includes a fair amount of evidence" that a claimant's impairment meets a disability listing. *Bailey v. Colvin*, No. 1:14CV303, 2015 WL 5227646, at *3 (M.D.N.C. Sept. 8, 2015). "Where such evidence exists but is rejected without discussion, 'insufficient legal analysis makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings.'" *Id.* (quoting *Radford v. Colvin*, 734 F.3d 288, at 295 (4th Cir. 2013)); see also *Brown v. Colvin*, 639 F. App'x 921, 923 (4th Cir. 2016).

In the present case, the ALJ did not discuss any listing for Claimant's severe impairment of coronary artery disease in step three of the sequential analysis. However, before going from step three to step four, the ALJ assessed Claimant's residual functional capacity (RFC) and stated the following factual findings:

> In terms of the claimant's artery disease, the evidence of record refers to a history of coronary artery bypass grafting, which occurred in January of 2013. However, the evidence of record indicates that with treatment, her symptoms improved. In fact, treatment records dated February 1, 2013, documented that the claimant's coronary artery disease was controlled with medication, and her cardiovascular examination was normal (Exhibit 3F). In addition, notes from the August of 2013 physical consultative examination with Dr. Holley[1] documented a normal cardiovascular examination with no reports of palpatations, angina, syncope or edema (Exhibit 5F, p. 4). Furthermore, at the hearing, the claimant testified that she recovered from her history of bypass grafting, and stated that she has no significant lasting residual effects from the impairment (Testimony). Accordingly, the undersigned finds the claimant's history of coronary artery disease is less limiting than she originally alleged. Moreover, based on her history of coronary artery disease, the undersigned has accounted for possible limitations resulting

---

[1] Consultative examining physician, Robert Holley, M.D. (Tr. at 519-528).

9

>from this impairment within the residual functional capacity (Tr. at 20).

Upon judicial review of the ALJ's decision, the undersigned respectfully recommends the District Court Judge find that the decision is not supported by substantial evidence because it did not discuss how the facts applied to the criteria for Listing 4.04 on ischemic heart disease for Claimant's severe impairment of coronary artery disease.

## Conclusion

The undersigned respectfully suggests the District Judge find that Claimant's severe impairment of fibromyalgia was addressed in the ALJ's step three of the sequential evaluation under listing section 1.01, however, the same cannot be said for Claimant's severe impairment of coronary artery disease. Although the ALJ discussed the medical evidence regarding Claimant's coronary artery disease, the ALJ failed to explain how that medical evidence demonstrated that the criteria for Listing 4.04 was not met. Because the listing criteria for Claimant's severe impairment of coronary artery disease has not been addressed by the Claimant, Defendant or the ALJ, the Court will not address it in the first instance, and leaves these provisions for analysis and fact-finding by the ALJ, with medical consultation if appropriate.

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate. *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford*, the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. "If the reviewing court

has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

Accordingly, the undersigned respectfully recommends that the District Judge remand this matter for further consideration and explanation under step 3 of the sequential evaluation. This Court makes no recommendation as to Claimant's remaining arguments as those issues may be addressed on remand.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 7) to the extent Plaintiff seeks remand, **DENY** the Defendant's Brief in Support of Defendant's Decision (ECF No. 8), **REVERSE** the final decision of the Commissioner, and **REMAND** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and **DISMISS** this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter: March 2, 2018

Dwane L. Tinsley
United States Magistrate Judge