IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MELISSA JEAN STAATS,

                Plaintiff,

v.                                    CIVIL ACTION NO.   2:16-cv-10553

NANCY A. BERRYHILL,

                Defendant.

MEMORANDUM OPINION AND ORDER

I.    **Introduction**

This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the court grant the plaintiff's motion for judgment on the pleadings to the extent the plaintiff seeks remand, deny the defendant's motion for judgment on the pleadings, reverse the final decision of the Commissioner, and remand this case for further proceedings, and dismiss this matter from the court's docket. Prop. Fin. & Rec. 1 [ECF No. 9]. The defendant filed objections to the Magistrate Judge's Proposed Findings and Recommendation [ECF No. 10].

The Court has reviewed *de novo* those portions of the Magistrate Judge's findings and recommendation to which the defendant objects and finds that the objections are meritorious. For the reasons set forth below, the Court **DECLINES TO ADOPT** the findings and recommendation of the Magistrate Judge [ECF No. 9], **DENIES** the plaintiff's motion for judgment on the pleadings [ECF No. 7], **GRANTS** the defendant's motion for judgment on the pleadings [ECF No. 8], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this action from the Court's docket.

## II.    Factual and Procedural History

On April 26, 2013, the claimant, Melisa J. Staats, filed a Title II application for disability insurance benefits alleging disability beginning October 15, 2008. Prop. Fin. & Rec. 1. The claim was denied initially as well as on further reconsideration. *Id.* On November 4, 2016, Staats filed a complaint before this court. Compl. [ECF No. 1].

On February 3, 2017, Staats filed a Brief in Support of Judgment on the Pleadings [ECF No. 7]. In it, Staats argues that reversal is necessary because "the ALJ failed to properly assess Staats's fibromyalgia." *Id.* at 1. On February 28, 2017, the defendant, Nancy A. Berryhill, filed a Brief in Support of Defendant's Decision, arguing that the ALJ correctly handled Staat's claim. [ECF No. 8].

On March 2, 2018, the Magistrate Judge entered Proposed Findings and Recommendation, suggesting that the Court find that the ALJ properly addressed

the claimant's fibromyalgia. Prop. Fin. & Rec. 10. While Staats did not raise the issue in this appeal, the Magistrate Judge recommended that the Court find that the ALJ's step three analysis of Staat's coronary artery disease was deficient because "the ALJ failed to explain how that medical evidence demonstrated that the criteria for Listing 4.04 was not met." *Id.* According to the Magistrate Judge, this omission makes remand necessary. On March 3, 2018, the defendant timely filed objections to the Magistrate Judge's findings and recommendation. Def.'s Objs. Prop. Fin. & Rec. On March 27, 2018, the plaintiff responded. Pl.'s Resp. to Def.'s Objs. [ECF No. 11]. These matters are currently before the Court.

## III. Standards of Review

### a. Review of the PF&R

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### b. Review of the ALJ's Findings and Decision

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.A.§ 405(g). The Supreme Court has defined substantial

evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## IV.    Analysis

While this finding was not objected to by Staats, the Court agrees with the Magistrate Judge that the ALJ discussed whether Staat's fibromyalgia met the

criteria of any listing under section 1.01, and properly considered Staats's fibromyalgia in her step three analysis. *See* Prop. Fin. & Rec. 7. The court disagrees with the Magistrate Judge that remand is necessary, because the ALJ's lack of discussion regarding Staat's coronary artery disease at step three was harmless.

"Courts have routinely applied a harmless error analysis to administrative decisions that do not fully comport with the procedural requirements of the agency's regulations, but for which remand 'would be merely a waste of time and money.' The Fourth Circuit has applied a similar analysis in the context of Social Security disability determinations." *Hedrick v. Colvin*, No. 3:14-23775, 2015 WL 5003658, at *9 (S.D. W. Va. Aug. 21, 2015) (citations omitted). Generally, a procedurally deficient decision does not need to be remanded "absent a showing that the [complainant] has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Id.* (citations omitted); *see Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.")

"An ALJ's error is harmless when it does not substantively prejudice the claimant." *Hedrick*, 2015 WL 5003658, at *9 (citing *Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015); *Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x. 95, 101 (4th Cir. 2015); *Austin v. Astrue*, No. 7:06cv00622, 2007 WL 3070601, *6 (W.D. Va. Oct. 18, 2007)). "In order for a reviewing court to find an error harmless, the court must be

able to plainly see from the ALJ's written decision that the prejudicial effect of the ALJ's mistake was, in some way, remedied, so that a final determination of nondisability is indeed supported by substantial evidence." *Meadows v. Colvin*, No. 1:14-15147, 2015 WL 3820609, at *15 (S.D. W. Va. June 18, 2015).

Here, at step two, the ALJ found that Staats suffers from a severe impairment of coronary artery disease. At step three, the ALJ held that Staat's coronary artery disease did not meet the severity of one of the Listings. The ALJ did not identify under which listing she considered Staat's coronary artery disease, or the criteria for that listing. Listings under Section 4.00 apply to cardiovascular impairments, and Listing 4.04 applies specifically to coronary heart disease. The Magistrate Judge recommends that the court find that the court remand this case, because "[a]lthough the ALJ discussed the medical evidence regarding [the] [c]laimant's severe impairment of coronary artery disease, the ALJ failed to explain how that medical evidence demonstrated that the criteria for Listing 4.04 was not met." Prop. Fin. & Rec. 10.

Listing 4.04C, which applies to coronary artery disease, states:

> Coronary artery disease, demonstrated by angiography (obtained independent of Social Security disability evaluation) or other appropriate medically acceptable imaging, and in the absence of a timely exercise tolerance test or a timely normal drug-induced stress test, an MC, preferably one experienced in the care of patients with cardiovascular disease, has concluded that performance of exercise tolerance testing would present a significant risk to the individual, with both 1 and 2:

1. Angiographic evidence showing:

   a. 50 percent or more narrowing of a nonbypassed left main coronary artery; or
   b. 70 percent or more narrowing of another nonbypassed coronary artery; or
   c. 50 percent or more narrowing involving a long (greater than 1 cm) segment of a nonbypassed coronary artery; or
   d. 50 percent or more narrowing of at least two nonbypassed coronary arteries; or
   e. 70 percent or more narrowing of a bypass graft vessel; and

2. Resulting in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living.

20 C.F.R. § Pt. 404, Subpt. P, App. 1.

Before moving to step four, the ALJ found:

> In terms of the claimant's artery disease, the evidence of record refers to a history of coronary artery bypass grafting, which occurred in January of 2013. However, the evidence of record indicates that with treatment, her symptoms improved. In fact, treatment records dated February 1, 2013, documented that the *claimant's coronary artery disease was controlled with medication, and her cardiovascular examination was normal* (Exhibit 3F). In addition, notes from the August of 2013 physical consultative examination with Dr. Holley documented a normal cardiovascular examination with no reports of palpatations, angina, syncope or edema (Exhibit 5F, p. 4). Furthermore, at the hearing, *the claimant testified that she recovered from her history of bypass grafting, and stated that she has no significant lasting residual effects from the impairment* (Testimony). Accordingly, the undersigned finds the claimant's history of coronary artery disease is less limiting than she originally alleged.

Tr. 20 (emphasis added) [ECF No. 6-2].

This evidence makes clear that even if the ALJ did not explicitly discuss Listing 4.04 in step three, her failure to do so was harmless because Staat's coronary artery disease clearly did not result in "very serious limitations in [her] ability to independently initiate, sustain, or complete activities of daily living," as required to meet the listing. 20 C.F.R. § Pt. 404, Subpt. P, App. 1; *see Berry v. Astrue*, No. 3:10-cv-00430, 2011 WL 2462704, at *9 (S.D. W. Va. June 17, 2011) ("The Court does appreciate shortcomings in the ALJ's written explanation of his 12.05 analysis, but finds these inadequacies to be harmless inasmuch as the ALJ's ultimate decision has substantial evidentiary support."). Thus, even if the ALJ did err, the error did not substantively prejudice Staats, rendering remand unnecessary.

## V.    Conclusion

The Court **DECLINES TO ADOPT** the findings and recommendation of the Magistrate Judge [ECF No. 9], **DENIES** the plaintiff's motion for judgment on the pleadings [ECF No. 7], **GRANTS** the defendant's motion for judgment on the pleadings [ECF No. 8], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this action from the court's docket.

The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Tinsley, counsel of record, and any unrepresented party.

ENTER:      March 30, 2018

8

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE